UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RITA LEDOUX,** individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>**IAS WARRANTY, LLC, d/b/a Innovative Aftermarket Systems,** a Texas limited liability company, and **CS VSC, LLC d/b/a CarSure, LLC,** a Texas limited liability company,<br><br>*Defendants*. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Rita LeDoux ("LeDoux" or "Plaintiff LeDoux") brings this Class Action Complaint and Demand for Jury Trial ("Complaint") against Defendant IAS Warranty, LLC d/b/a Innovative Aftermarket Systems, ("Defendant IAS" or "IAS"), and CS VSC, LLC d/b/a CarSure, LLC ("Defendant CarSure" or "CarSure") to stop Defendants from violating the Telephone Consumer Protection Act by making unsolicited, autodialed calls to consumers without their consent, including calls to consumers registered on the National Do Not Call registry, and to obtain injunctive and monetary relief for all persons harmed by Defendants' conduct. Plaintiff, for her Complaint, alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

## INTRODUCTION

1. IAS provides extended auto warranty products to consumers.[1]

2. In 2008, IAS was purchased by CIVC Partners. At that time, IAS provided their extended auto warranty products to dealers who sold them direct to consumers.[2]

3. In 2015, IAS acquired KingStar Holdings,[3] a holding company that included the CarSure company, which markets extended auto warranty products. This allowed IAS to control a marketing company (Carsure) to sell their extended auto warrant products direct to consumers.[4]

4. A significant part of CarSure's marketing for IAS involves outbound telemarketing, a role for which the company is often recruiting for as seen on CarSure's own career's page:

> **Outbound Telemarketing Representative (St. Louis, MO)**
>
> CarSure is a cutting edge and <u>aggressively growing</u> company with great opportunities within our <u>outbound telemarketing team</u>. Qualified candidates are people looking for unlimited earning potential, career advancement, and an opportunity to work in a fun, positive, energetic and people focused environment.

[5]

5. Plaintiff's claims arise from this aggressive, outbound telemarketing.

## PARTIES

6. Plaintiff LeDoux is, and at all times relevant to the Complaint was, a Broussard, Louisiana resident.

---

[1] https://www.iasdirect.com/Company/Default.aspx
[2] https://www.iasdirect.com/company/Article.aspx?id=398
[3] http://flexpointford.com/?investment=innovative-aftermarket-systems
[4] https://www.CarSure.com/our-administrators/
[5] https://www.CarSure.com/careers/

7. Defendant IAS is a Delaware corporation headquartered in Austin, Texas. Defendant does business in this District and throughout the United States.

8. Defendant CS VSC, LLC is a Delaware company headquartered in Austin, Texas. CS VSC, LLC does business as CarSure.[6] CS VSC does business in this District and throughout the United States.

### JURISDICTION AND VENUE

9. This court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331, as the action arises under the TCPA, 47 U.S.C. § 227.

10. This court has personal jurisdiction over Defendants and venue is proper in this district under 28 U.S.C. § 1391(b) because Defendants conduct significant business in this District and the State of Louisiana, and throughout parts of the United States, and because Defendants' calls were directed to Plaintiff in this District.

### COMMON ALLEGATIONS

**Defendants Telemarket Their Auto Warranty Products by Making Autodialed Calls to Consumers' Cell Phone Numbers Without Their Consent and Though They Are Registered On the Do Not Call Registry**

11. As explained by the Federal Communications Commission ("FCC") in its 2012 order, the TCPA requires "*prior express written consent* for all autodialed or prerecorded [solicitation] calls to wireless numbers and residential lines." *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG No. 02-278, FCC 12-21, 27 FCC Rcd. 1830 ¶ 2 (Feb. 15, 2012).

12. Yet in violation of this rule, Defendants fail to obtain any express written consent prior to making autodialed solicitation calls to cellular telephone numbers and other phone

---

[6] CS VSC, LLC registered with the Colorado Do Not Call registry and provided their information as CS VSC, LLC d/b/a CarSure.
https://www.coloradonocall.com/Public/TelemarketerList.aspx?which=C

numbers registered on the DNC. In fact, on information and belief, Defendants mine consumer information from various public sources and then use it for their own financial benefit.

13. In placing the calls that form the basis of this Complaint, Defendants utilized an automatic telephone dialing system ("ATDS" or "autodialer") in violation of the TCPA. Specifically, the hardware and software used by Defendants has the capacity to generate and store random numbers, and/or receive and store lists of telephone numbers, and to dial such numbers, *en masse*, in an automated fashion without human intervention. Defendants' automated dialing equipment also is, or includes features substantially similar to, a predictive dialer, meaning that it is capable of making numerous phone calls simultaneously and automatically connecting answered calls to then available callers and disconnecting the rest (all without human intervention).

14. Defendant CarSure admits that they intend to contact consumers "via automated or prerecorded means."[7]

15. Furthermore, Defendant calls consumers who are registered on the Do Not Call registry.

## PLAINTIFF'S ALLEGATIONS

16. On November 9th, 2004, Plaintiff registered her cellular number on the National Do Not Call registry to prevent unsolicited calls from telemarketers.

17. Between September 2017 and February 2018, Plaintiff received a number of calls regarding an extended vehicle warranty on her cellular phone. The dates and phone numbers from which she received such calls are as follows:

- September 19, 2017 – 337-514-1024
- September 29, 2017 – 337-223-9275

---

[7] Get Your Coverage Quote Now, CarSure, https://www.CarSure.com/get-a-quote/.

4

- October 2, 2017 – 337-252-1115

- December 1, 2017 at 12:52 PM – 732-460-1478

- February 27, 2018 at 3:08 PM – 337-374-2407

18. All of the above phone calls were answered, and all calls appeared to be dialed using an autodialer as there would be significant and long pauses before Plaintiff could speak with a live agent.

19. On March 22, 2018 at 9:41 AM, Plaintiff received yet another autodialed call on her cellular phone from Defendants using phone number 337-514-4017. When she answered, she had to say "hello" twice before a live agent came on the line. The agent tried to solicit Plaintiff to purchase an extended auto warranty for her car. Plaintiff told the agent that she was not able to speak and asked the agent for a phone number in case she needed to call them back so she could identify this telemarketer. The agent provided a false phone number, but he did indicate that the company name was Innovative Aftermarket Systems (IAS).

20. When one calls the phone number 337-514-4017 (the number that called Plaintiff), an agent identifies the company as CarSure.

21. Plaintiff does not have a relationship with either Defendant Carsure or IAS, or any of their affiliated companies, nor has she ever requested that either Defendant place calls to her, or consented to any contact from Defendants.

22. Simply put, neither Defendant IAS or Defendant CarSure obtained Plaintiff's prior express written consent to place any solicitation telephone calls on her cellular phone using an autodialer or otherwise, and Plaintiff has no business with either Defendant.

23. The unauthorized telephone calls made by CarSure at the direction of IAS as alleged herein have harmed Plaintiff in the form of annoyance, nuisance, and invasion of privacy, and disturbed LeDoux's use and enjoyment of her phone, in addition to the wear and

5

tear on the phones' hardware (including the phones' battery) and the consumption of memory on the phone.

24. Seeking redress for these injuries, LeDoux, on behalf of herself and Classes of similarly situated individuals, brings suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, which prohibits unsolicited autodialed telephone calls to cellular telephones and unsolicited calls to telephone numbers registered on the DNC.

## CLASS ALLEGATIONS

### Class Treatment Is Appropriate for Plaintiff's TCPA Claims Arising From Calls Made by CarSure at IAS's Direction

25. Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of herself and all others similarly situated and seeks certification of the following two Classes:

> **Autodialed No Consent Class:** All persons in the United States who from four years prior to the filing of this action through the present (1) Defendants (or an agent acting on behalf of Defendants) called, (2) on the person's cellular telephone, (3) using the same equipment Defendants used to call Plaintiff, and (4) for whom Defendants claim (a) they obtained prior express written consent in the same manner as Defendants claim they supposedly obtained prior express written consent to call the Plaintiff LeDoux, or (b) they did not obtain prior express written consent.
>
> **Do Not Call Registry Class**: All persons in the United States who from four years prior to the filing of this action through the present (1) Defendants (or an agent acting on behalf of Defendants) called more than one time (2) within any 12-month period (3) where the person's telephone number had been listed on the National Do Not Call Registry for at least thirty days (4) for the purpose of selling Defendants' products and services, and (5) for whom Defendants claim (a) they obtained prior express written consent in the same manner as Defendants claim they supposedly obtained prior express written consent to call the Plaintiff LeDoux, or (b) they did not obtain prior express written consent.

26. The following individuals are excluded from the Classes: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendants, their subsidiaries, parents, successors, predecessors, and any entity in which Defendants or their parents have a controlling interest and their current or former employees, officers and directors;

6

(3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Classes; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendants have been fully and finally adjudicated and/or released. Plaintiff anticipates the need to amend the Class definitions following appropriate discovery.

27. **Numerosity**: On information and belief, there are hundreds, if not thousands of members of the Classes such that joinder of all members is impracticable.

28. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Classes, and those questions predominate over any questions that may affect individual members of the Classes. Common questions for the Classes include, but are not necessarily limited to the following:

   (a) whether the conduct of both Defendants constitutes a violation of the TCPA;

   (b) whether Defendants utilized an automatic telephone dialing system to make their calls to Plaintiff and the members of the Classes;

   (c) whether Defendants systematically made multiple telephone calls to Plaintiff and consumers whose telephone numbers were registered with the National Do Not Call Registry;

   (d) whether Defendants made calls to Plaintiff and members of the Classes without first obtaining prior express written consent to make the calls; and

   (e) whether members of the Classes are entitled to treble damages based on the willfulness of Defendants' conduct.

29. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Classes, and has retained counsel competent and experienced in class actions. Plaintiff has no interests antagonistic to those of the Classes, and the Defendants have no defenses unique to Plaintiff. Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of the members of the Classes, and have the financial resources to do so. Neither Plaintiff nor her counsel have any interest adverse to the Classes.

30. **Appropriateness**: This class action is also appropriate for certification because Defendants acted or refused to act on grounds generally applicable to the Classes and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Classes and making final class-wide injunctive relief appropriate. Defendants' business practices apply to and affect the members of the Classes uniformly, and Plaintiff's challenge of those practices hinges on Defendants' conduct with respect to the Classes as wholes, not on facts or law applicable only to Plaintiff. Additionally, the damages suffered by individual members of the Classes will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendants' actions. Thus, it would be virtually impossible for the members of the Classes to obtain effective relief from Defendants' misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court. Economies of time, effort, and expense will be fostered and uniformity of decisions will be ensured.

## FIRST CAUSE OF ACTION
**Telephone Consumer Protection Act**
**(Violations of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff and the Autodialed No Consent Class)**

31. Plaintiff repeats and realleges the above paragraphs of this Complaint and incorporates them by reference herein.

32. Defendants and/or their agents transmitted unwanted solicitation telephone calls to cellular telephone numbers belonging to Plaintiff and the other members of the Autodialed No Consent Class using equipment that, upon information and belief, had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator and/or receive and store lists of phone numbers, and to dial such numbers, *en masse,* without human intervention.

33. These solicitation telephone calls were made *en masse* without the prior express written consent of the Plaintiff and the other members of the Autodialed No Consent Class to receive such solicitation telephone calls.

34. At no time did Defendants obtain prior express written consent from the Plaintiff orally or in writing to receive solicitation telephone calls.

35. Defendants have, therefore, violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of Defendants' conduct, Plaintiff and the other members of the Autodialed No Consent Class are each entitled to, under 47 U.S.C. § 227(b)(3)(B), a minimum of $500.00 in damages for each violation of such act.

36. In the event that the Court determines that Defendants' conduct was wilful and knowing, it may, under 47 U.S.C. § 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff and the other members of the Autodialed No Consent Class.

**SECOND CAUSE OF ACTION**
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff LeDoux and the Do Not Call Registry Class)**

37. Plaintiff repeats and realleges the above paragraphs of this Complaint and incorporates them by reference herein.

38. 47 U.S.C. § 227(c) provides that any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object.

39. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber

who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

40. 47 C.F.R. § 64.1200(e), provides that § 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."[8]

41. 47 C.F.R. § 64.1200(d) further provides that "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity."

42. Defendants violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government. These consumers requested to not receive calls from Defendants, as set forth in 47 C.F.R. § 64.1200(d)(3).

43. Defendants also violated 47 C.F.R. § 64.1200(d) by failing to have an accurate written policy of dealing with do not call requests, by failing to accurately inform or train its personnel engaged in telemarketing regarding the existence and/or use of any do not call list, and by failing to internally record and honor do not call requests.

44. Defendants violated 47 U.S.C. § 227(c)(5) because Plaintiff and the Do Not Call Registry Class received more than one telephone call in a 12-month period made by or on behalf of either Defendant in violation of 47 C.F.R. § 64.1200, as described above. As a result of

---

[8] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003) Available at https://apps.fcc.gov/edocs_public/attachmatch/FCC-03-153A1.pdf

10

Defendants' conduct as alleged herein, Plaintiff and the Do Not Call Registry Class suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled, *inter alia*, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

45.   To the extent Defendants' misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Do Not Call Registry Class.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

a) An order certifying the Classes as defined above; appointing Plaintiff as the representative of the Classes, and appointing her attorneys as Class Counsel;

b) An award of actual and/or statutory damages and costs;

c) An order declaring that Defendants' actions, as set out above, violate the TCPA.

d) An injunction requiring Defendants to cease all unsolicited calling activity, and to otherwise protect the interests of the Classes; and

e) Such further and other relief as the Court deems necessary.

## JURY DEMAND

Plaintiff requests a jury trial of all claims.

Dated: October 31, 2018                **RITA LEDOUX**, individually and on behalf of all others similarly situated,

By: s/ J. David Andress
One of Plaintiff's Attorneys

J. David Andress [27944]
218 Rue Louis XIV, Suite A
Lafayette, Louisiana 70508
Telephone: (337) 347-9919
david@andresslawfirm.com

11

Stefan Coleman*
Law@StefanColeman.com
Law Offices of Stefan Coleman, P.A.
201 S. Biscayne Blvd., 28th floor
Miami, FL 33131
Telephone: (877) 333-9427
Facsimile: (888) 498-8946

Avi R. Kaufman*
kaufman@kaufmanpa.com
KAUFMAN P.A.
400 NW 26th Street
Miami, FL 33127
Telephone: (305) 469-5881

*Attorneys for Plaintiff and the Classes*

*Pro hac vice motions forthcoming